UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CALLISONS, INC., <br><br>　　　　　　Plaintiff, <br><br> v. <br><br> KEY FARMS, INC.; KEY BROTHERS, INC.; MIKE L. KEY; and R. DRUE KEY, <br><br>　　　　　　Defendants. | 3:08-CV-0426-LRH-RAM <br><br> ORDER |

Before the court is plaintiff Callisons, Inc.'s ("Callisons") motion for summary judgment filed on April 20, 2009. Doc. #28[1]. Defendants filed a response on May 8, 2009. Doc. #33. Thereafter, Callisons filed a reply on May 22, 2009. Doc. #38.

**I.   Facts and Background**

Defendants Key Farms, Inc. ("Key Farms") and Key Brothers, Inc. ("Key Brothers") operate farms in Humboldt County, Nevada. The farms grow peppermint and produce peppermint oil.

Callisons manufactures and sells various products made from mint oil. Generally, Callisons purchases mint oil through future contracts with farmers in various growing regions. In March 2007, Callisons entered into future contracts with Key Farms and Key Brothers for the 2008 and

---

[1] Refers to the court's docket number.

2009 crop years. Doc. #29, Exhibits A, B. The contracts provide that Callisons would purchase and defendants would provide 60,000 lbs of pure, Nevada peppermint oil for $14.00 per lb in crop year 2008, and again in crop year 2009.

Defendants did not produce any mint oil in either 2008, or 2009. Callisons purchased alternative peppermint oil from non-party farmers in Humboldt County, Nevada.[2] Callisons subsequently filed a complaint against defendants for breach of contract, anticipatory repudiation, and intentional interference with contractual relations. Doc. ##1, 18. Thereafter, Callisons filed the present motion for partial summary judgment limited to the issue of Callisons' cover and the computation of damages. Doc. #28.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

---

[2] Callisons purchased 60,000 lbs of Nevada peppermint oil from Hetrick Brothers Farms, Inc. (Doc. #29, Exhibit C) and BS Farms, Inc. (Doc. #29, Exhibit D) at $30.00 per lb in crop year 2008. Callisons also purchased mint oil on future contracts from Hetrick Brothers Farms, Inc. (Doc. #29, Exhibit E) and BS Farms, Inc. (Doc. #29, Exhibit F) at $25.00 per lb for crop year 2009.

1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.  Discussion**

**Callisons' Cover Under the Contract[3]**

The contracts at issue contain an election of remedies clause; in the event of a default, the contracts provide that Callisons has the right to purchase similar oil and charge the breaching farmer the difference in price. *See e.g.* Doc. #29, Exhibit A, Section 10. At issue is whether Callisons' purchase of Nevada peppermint oil as cover was reasonable as a matter of law. Callisons argues that its purchase of Nevada peppermint oil at over double the contract price, rather than any other peppermint oil, was reasonable as a matter of law.

In support of its position, Callisons argues that only Nevada peppermint oil could support its customer's needs; peppermint oil from any other region would be insufficient to fulfill customer obligations. *See* Doc. #28. Les Toews ("Toews"), vice president of purchasing at Callisons,

---

[3] Cover generally refers to a right of a buyer to purchase goods in substitution of those under the contract after a breach by the seller. *See* UCC §2-712.

3

outlined Callisons purchasing process during his deposition. *See* Doc. #33, Exhibit 4. According to Toews, peppermint oil from different growing regions[4] has unique characteristics known as chemical isolates that provide the oil with a different flavor and texture based on soil quality, exposure to light, and other growing conditions unique to each growing region. Thus, peppermint oil from one region has identifiably different chemical isolates than another region. Callisons' customers, recognizing the differences between growing regions, sometimes request specific oil for their products (like toothpaste or candy) and provide Callisons with technical formulations that can encompass a single growing region or a blend of oil from multiple regions.

If provided with a specific formulation, Callisons purchases the required oil on future contracts from farmers directly and then either strengthens or blends the oil to customer requirements. Toews testified that generally, oil cannot be substituted unless the same flavor and texture can be blended from available peppermint oil sources. In the instant case, Toews testified that Callisons entered into the present contracts to fulfill a contract it had with Colgate which had requested a specific blend of oil involving Nevada peppermint. When defendants failed to provide the contracts oils, Callisons had to purchase substitute peppermint oil to fulfill that contract and Toews stated that Callisons purchases from Hetrick Brothers and BS Farms were the only available source of comparable oil. Therefore, Callisons argues that it is entitled to judgment as a matter of law that its purchase of Nevada peppermint oil as cover was reasonable under the contracts' election of remedies clause because only these purchases of Nevada peppermint oil would have satisfied the Colgate contract.

As a preliminary matter, the court finds that Callisons' election of remedies clause is enforceable because the provision puts Callisons only in the same position it would have been if defendants performed; paying $14.00 per lb for 120,000 lbs of Nevada peppermint oil. *See United*

---

[4] Growing regions are identifiable farming areas where peppermint is grown. Examples of growing regions include Nevada, the Mid-West, Indian sub-continent, etc. *See* Doc. #28. Growing regions are characterized by unique growing conditions that make peppermint from one region distinct from another. *Id*.

4

*States v. Harris*, 100 F.2d 268, 277 (9th Cir. 1938) (holding that election of remedies clauses are enforceable if they strive to put the non-breaching party in only as good a position as it would have been had the other party performed). However, the court finds that there is a genuine issue of material fact relating to the necessity of Callisons' cover with subsequent purchases of Nevada mint oil that precludes the court from finding that Callisons is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex*, 477 U.S. 320-21.

Defendants have put forth evidence that raises an inference that Callisons purchased other oil as sufficient cover prior to purchasing Nevada peppermint oil at the substantially higher price when the desired Nevada peppermint oil was unavailable. *See* Doc. #33. Callisons' initial disclosures to defendants indicate that Callisons purchased oil from other growing regions in an attempt to cover its needs without having Nevada specific peppermint oil. *See* Doc. #33, Exhibit 4. In particular, Callisons purchased the requisite amount of oil to fulfill defendants' obligations from other farmers in Wisconsin, Idaho, and even Nevada. *Id*. When questioned about the contracts, Toews testified that these purchases could have satisfied Callisons' customer obligations. *See* Doc. #33, Exhibit 4. In particular, in response to defendants' question of whether Callisons was going to use this oil for the same customer specifications as the defendants' contracts, Toews responded yes. Doc. #33, Exhibit 4, p. 207. Further, when asked if those purchases would have served as viable cover for defendants contracts he again responded yes. Doc. #33, Exhibit 4, p.217.

Reading the evidence, together with all inferences that can reasonably be drawn therefrom, in the light most favorable to defendants, the court cannot say as a matter of law that Callisons could have only covered its customer obligations with Nevada mint oil. There are disputed material issues of fact as to whether Callisons' initial purchase of non-Nevada peppermint oil would have satisfied its customer obligations and, therefore, whether Callisons' cover with Nevada peppermint oil at double the contracted price was reasonable.

\\\

1   IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment (Doc.
2  #28) is DENIED.
3   IT IS SO ORDERED.
4   DATED this 12th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE